# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, N.A., as Trustee on Behalf of Ace Securities Corp. Home Equity Loan Trust Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-HE5, Asset Back Pass-Through Certificates Successor Lender by Mesne Transfers From Mortgage Electronic Reg., <br><br>                                Plaintiff, <br>vs. <br><br>DAVID BRYANT, SR.; and DOES 1-10, inclusive, <br><br>                                Defendants. | CASE NO. 09-CV-1659 - IEG (POR) <br><br>ORDER: <br><br>(1) GRANTING MOTION TO REMAND, and <br><br>(2) DENYING MOTION FOR ATTORNEY FEES AND COSTS. <br><br>[Doc. No. 2] |

This is an action for unlawful detainer. Plaintiff sued Defendants in the Superior Court for the County of San Diego, and Defendant David Bryant, Sr. ("Bryant") removed the case to this Court on July 31, 2009. [Doc. No. 1]. Currently before the Court are Plaintiff's Motion to Remand the case and Motion for Attorney Fees and Costs, filed on August 31, 2009. [Doc. No. 2]. Having considered the parties' arguments, and for the reasons set forth below, the Court GRANTS Plaintiff's Motion to Remand, but DENIES Plaintiff's Motion for Attorney Fees and Costs.

//
//

# BACKGROUND

Plaintiff's Verified Complaint alleges that Defendant Bryant and Does 1-10 are individuals currently residing at or otherwise in possession of the property located at 703 40th Street, San Diego, CA 92102 ("Property"). (Verified Complaint, attached to Notice of Removal ¶ 2 [hereinafter Verified Complaint].) On April 27, 2009, a foreclosure sale was allegedly held and Plaintiff took title to the Property and received an executed Trustee's Deed upon Sale, later recorded in the Official Records in the office of the County Recorder of San Diego County. (Id. ¶ 5.) After Plaintiff acquired title to the Property, Plaintiff allegedly served on Defendants a written notice requiring them to quit and deliver up possession of the Property to Plaintiff, which to date has not been complied with. (Id. ¶¶ 6-8.) According to Plaintiff, "[t]he reasonable value of the use and occupancy of the Property is $50.00 per day, and damages have accrued to Plaintiff at that rate since April 27, 2009, and will continue to accrue at that rate so long as Defendants remain in possession of the Property." (Id. ¶ 9.)

Plaintiff commenced this action on July 20, 2009, by filing the Verified Complaint in the Superior Court for the County of San Diego. On July 31, 2009, Defendant Bryant removed the case to this Court, alleging that jurisdiction was proper under both 28 U.S.C. § 1331 and 28 U.S.C. § 1332. (Notice of Removal ¶¶ 5, 7.) In his Notice of Removal, Bryant also included three motions[1] and asserted six counterclaims against Plaintiff, including three counterclaims based on various federal statutes.[2] (Notice of Removal ¶¶ 11-19, 84-125.) On August 31, 2009, Plaintiff filed its Motion to Remand and Motion for Attorney Fees and Costs (together, "Pl. Combined Motion"). [Doc. No. 2].

# LEGAL STANDARD

## I.   Motion to Remand

A civil action that is filed in state court may be removed if the federal district court has original jurisdiction based on either "diversity of citizenship" or a "federal question." See 28 U.S.C. § 1441(a); see also id. §§ 1331, 1332. Once the case is removed, "[a] motion to remand the case on the basis of

---

[1] Bryant's Notice of Removal also contains his Motion for More Definite Statement, Motion to Strike, and Motion to Dismiss. (See Notice of Removal ¶¶ 11-19.)

[2] Bryant's Notice of Removal asserts, among others, counterclaims based on alleged violations of: (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692o; (2) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.; and (3) the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq. (See Notice of Removal ¶¶ 84-125.)

1  any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing
2  of the notice of removal." Id. § 1447(c). However, "[i]f at any time before final judgment it appears
3  that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

4  When this Court's jurisdiction is based on a "federal question," the question must be disclosed
5  on the face of the complaint. Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d
6  1209, 1211 (9th Cir. 1998) (citation omitted). Under the longstanding well-plead complaint rule, this
7  means that jurisdiction is proper "'only when the plaintiff's statement of his own cause of action
8  shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009)
9  (citation omitted). Notably, federal jurisdiction cannot be predicated on "an actual or anticipated
10  defense," nor can it rest upon "an actual or anticipated counterclaim." Id. (citations omitted).

11  Jurisdiction founded on "diversity of citizenship" requires that there be both complete diversity
12  of the parties and an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a). A natural
13  person is a "citizen" for diversity jurisdiction purposes in the state where she is domiciled. Kanter v.
14  Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home,
15  where she resides with the intention to remain or to which she intends to return." Id. (citation omitted).

16  The removal statute is strictly construed, and the court must reject federal jurisdiction if there
17  is any doubt as to whether the removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.)
18  (citations omitted). This "strong presumption" against removal jurisdiction means that the defendant
19  bears the burden of proving the propriety of removal. Id. (citations omitted).

20  **II.    Motion for Attorney Fees and Costs**

21  "An order remanding the case may require payment of just costs and any actual expenses,
22  including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, there is
23  no automatic entitlement to an award of attorney fees and costs. Martin v. Franklin Capital Corp., 546
24  U.S. 132, 136-37 (2005). Rather, the language of Section 1447(c) makes such an award discretionary.
25  Id. at 139. As the Supreme Court has stated, "[t]he appropriate test for awarding fees under § 1447(c)
26  should recognize the desire to deter removals sought for the purpose of prolonging litigation and
27  imposing costs on the opposing party, while not undermining Congress' basic decision to afford
28  defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

1  Thus, "absent unusual circumstances, attorney's fees should not be awarded when the removing party
2  has an objectively reasonable basis for removal." Id. at 136, 141.

**DISCUSSION**

**I.     Motion to Remand**

In the present case, Bryant alleges that federal jurisdiction is proper under both 28 U.S.C. § 1331 and 28 U.S.C. § 1332. (Notice of Removal ¶¶ 5, 7.) Plaintiff disputes both of these allegations. (Pl. Combined Motion, at 6-8.)

A.     Federal question

The Court finds there is no "federal question" giving rise to federal jurisdiction in this case. Bryant alleges jurisdiction is proper because a forcible entry and detainer action is an "attempt to collect" pursuant to the FDCPA. (Notice of Removal ¶ 5.) However, as the Supreme Court has explained, under the longstanding well-plead complaint rule, the jurisdiction is proper "'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden, 129 S. Ct. at 1272 (citation omitted). In the present case, the Verified Complaint, on its face, alleges only an unlawful detainer action under state law, (see Verified Complaint), and therefore provides no basis for "federal question" jurisdiction. See, e.g., Flower v. Wachovia Mortg. FSB, No. C 09-343 JF (HRL), 2009 WL 975811, at **8-9 (N.D. Cal. Apr. 10, 2009) (finding no federal question on the face of an unlawful detainer complaint); Burke v. Ortmayer, No. CIV-4-1610-HU, 2004 WL 2966915, at **2-3 (D. Or. Dec. 20, 2004) (finding no federal question in an eviction action under state law, despite defendant's argument that the action should be construed as a federal FDCPA claim).

Neither can Bryant's counterclaims, which allege violations of several federal statutes, give rise to "federal question" jurisdiction where Plaintiff's Verified Complaint alleges none. It is well-settled that, absent several narrow exceptions not applicable here, "federal question" jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. See Vaden, 129 S. Ct. at 1272 (citations omitted). Accordingly, the Court concludes that no "federal question" jurisdiction supports the removal in this case.

//
//

B.  Diversity of citizenship

The Court also finds there is no "diversity of citizenship" jurisdiction in this case. For jurisdiction to be proper on this basis, there must be both complete diversity and an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a). In the present case, Plaintiff's Verified Complaint alleges that both Plaintiff and Bryant are California citizens. (Verified Complaint ¶¶ 1-2.) Apart from merely denying these allegations, (see Notice of Removal ¶¶ 31-32), and stating that "the action is between citizens of different States," (id. ¶ 7), Bryant does not provide any facts to support a contrary conclusion. Bryant, however, has the burden of establishing that removal is proper. See Gaus, 980 F.2d at 567. Conclusory allegations and mere denials of facts alleged in the complaint, as is the case here, are insufficient to meet that burden. See id. Accordingly, the Court has no choice but to find that Bryant has failed to show that "complete diversity" exists in this case.[3]

However, because it is possible that Bryant "could potentially [cure his] defective allegations regarding citizenship by amending [his] notice of removal," the Court will proceed to examine whether the amount in controversy requirement under 28 U.S.C. § 1332(a) is satisfied. See Kanter, 265 F.3d at 858 (citations omitted); see also 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Having reviewed Bryant's Notice of Removal, the Court concludes that he failed to provide facts necessary to establish that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). To establish jurisdiction, the defendant has the burden of "actually proving the facts to support . . . the jurisdictional amount." Gaus, 980 F.2d at 566-67 (citation omitted). In the present case, Plaintiff's

---

[3] The Court also notes that, even if there is "complete diversity," 28 U.S.C. § 1441(b) likely prevents Bryant from removing this case. Section 1441(b) allows removal in diversity cases only if none of the defendants is "a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b). In the present case, Bryant is an individual residing in California. Although "residence" is not co-extensive with "domicile," Bryant has failed to provide any facts that would contradict Plaintiff's allegation that he is domiciled in California. (See Verified Complaint ¶ 2; Pl. Combined Motion, at 9.) Moreover, because Bryant appears to reside in California "with the intention to remain" there, that is sufficient to qualify him as a California "citizen." See Kanter, 265 F.3d at 857. Accordingly, even if there was "complete diversity," Bryant likely would be precluded from removing the case because he is "a citizen of the State in which [the] action is brought." See 28 U.S.C. § 1441(b).

1  Verified Complaint clearly states that it seeks damages under $10,000.[4] (See Verified Complaint). The
2  Court finds that, apart from a conclusory allegation that "the amount in controversy exceeds the sum
3  of $75,000," Bryant has failed to present any facts establishing that Plaintiff will recover more than
4  $10,000. Because such conclusory allegations are insufficient to meet his burden, the Court finds
5  Bryant failed to prove that the amount in controversy exceeds $75,000 as required by 28 U.S.C. §
6  1332(a).[5] See Gaus, 980 F.2d at 566-67.

7  Therefore, the Court finds Bryant failed to carry his burden in establishing that there is both
8  a complete diversity of citizenship between the parties *and* that the amount in controversy exceeds
9  $75,000. See 28 U.S.C. § 1332(a). Accordingly, the Court concludes that no "diversity of citizenship"
10 jurisdiction supports removal in this case.

11 **II.    Motion for Attorney Fees and Costs**

12 Plaintiff also seeks to recover its attorney fees and costs incurred in filing the motion for
13 remand. (Pl. Combined Motion, at 8-9.) Plaintiff alleges that there was no basis for federal subject
14 matter jurisdiction in this case and that Bryant's removal "frustrated the summary nature of the
15 unlawful detainer action" by requiring expenditure of additional resources. (Id.) Moreover, Plaintiff
16 submits that Bryant's sole purpose for removal was to "cause unnecessary delay and otherwise seek

---

[4] As stated in Plaintiff's Verified Complaint, Plaintiff only seeks damages in the amount of $50.00 per day from April 27, 2009 until Defendants vacate the Property. (Verified Complaint ¶ 9.) Thus, the Court agrees with Plaintiff that "[e]ven if the eviction process took over one year, the total amount at stake is only $17,600. At this rate, the eviction process would have to last more than four years to meet the minimum amount in controversy, as set forth in 28 U.S.C. § 1332(a)." (See Pl. Combined Motion, at 8.)

[5] To the extent that Bryant might be relying on his counterclaims to meet the jurisdictional amount, the Court notes that the great weight of authority is against allowing the defendant's potential recovery to support diversity jurisdiction where the plaintiff's claimed damages, by themselves, are below the jurisdictional amount–at least in the context of jurisdiction upon removal. See, e.g., Spectacor Mgmt. Group v. Brown, 131 F.3d 120, 125 (3d Cir. 1997) (noting that the majority view appears to be "that inclusion of counterclaims should not be permitted in the removal context"); Rla v. Cape Cod Biolab Corp., No. C-01-3675 PJH, 2001 WL 1563710, at *3 (N.D. Cal. Nov. 30, 2001) (citing cases and concluding that "majority of courts faced with this issue in removed cases have held that the amount in controversy is to be determined solely by reference to plaintiff's complaint"); see also CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3706, at 226-29 (3d 2009) (citing cases, noting the split of authority, and stating that "the majority of cases appears to deny removal"). But see Swallow & Assoc. v. Henry Molded Prods., Inc., 794 F. Supp. 660, 662-63 (E.D. Mich. 1992) (concluding that "considerations of the amount in controversy should include . . . the damages pled in a compulsory counterclaim"); cf. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 815-16 (8th Cir. 1969) (noting that there are instances "where the courts have measured the 'matter in controversy' from the standpoint of the defendant").

1 to impede Plaintiff's right to recover possession of real property." (Id. at 9.)

2 The Court, however, cannot conclude that Bryant's removal was "objectively unreasonable," and therefore chooses to exercise its discretion to decline an award of attorney fees and costs. See Martin, 546 U.S. at 136, 141. The Ninth Circuit has stated that "removal is not objectively unreasonable solely because the removing party's arguments lack merit." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). As this Court's analysis above demonstrates, there is a split of authority on whether damages alleged in a compulsory counterclaim can be used to satisfy the amount in controversy required under 28 U.S.C. § 1332(a). (See supra Part I.B n.5.) The mere fact that majority of cases go against Bryant, and therefore support the remand in this case, does not make Bryant's removal "objectively unreasonable." See Lussier, 518 F.3d at 1065. This, coupled with the fact that Bryant might have been entitled to an amendment of his jurisdictional allegations, see 28 U.S.C. § 1653, supports the Court's decision to decline an award of attorney fees and costs.[6]

Moreover, additional considerations counsel against an award of attorney fees and costs in this case. First, although pro se litigants "must follow the same rules of procedure that govern other litigants," King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), they are held to less stringent standards with regard to their pleadings than attorneys. Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)). Therefore, Bryant is entitled to more leeway in his attempt to comply with the removal statute, as long as it was not objectively unreasonable. Second, as the Supreme Court has stated, "the removal statute grants defendants a *right* to a federal forum." Martin, 546 U.S. at 137 (emphasis added). Unless shown to be objectively unreasonable, this Court believes this right trumps any interest of Plaintiff in not having "the summary nature of [its] unlawful detainer action" from being "frustrated." (See Pl. Combined Motion, at 8-9.)

## CONCLUSION

For the foregoing reasons, the Court finds Defendant Bryant failed to demonstrate that jurisdiction in this court is proper under either the "federal question" or "diversity of citizenship."

---

[6] Although the Court concludes that such an amendment, even if possible, would have been futile in light of the failure to meet the amount in controversy requirement, this fact does weigh against finding that the removal in this case was "objectively unreasonable." See Lussier, 518 F.3d at 1065-67 (no attorney fees awarded despite the fact that defendant's arguments "were losers").

1  Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand, and **REMANDS** the matter to state
2  court. However, because the Court cannot conclude that Bryant's removal was "objectively
3  unreasonable," and because the Court finds that Plaintiff's allegations are insufficient to establish that
4  Bryant's sole purpose for removal was to "cause unnecessary delay," the Court **DENIES** Plaintiff's
5  Motion for Attorney Fees and Costs.

6  Bryant also raises three different motions in his Notice of Removal. (See Notice of Removal
7  ¶¶ 11-19.) However, in light of the Court's ruling on Plaintiff's Motion to Remand (which goes to this
8  Court's subject matter jurisdiction), the Court need not reach those motions. Accordingly, the Court
9  **DENIES AS MOOT** Defendant Bryant's Motion for More Definite Statement, Motion to Strike, and
10  Motion to Dismiss.

11  **IT IS SO ORDERED.**

13  DATED: November 10, 2009
14  _____
     IRMA E. GONZALEZ, Chief Judge
     United States District Court